Honorable Timothy W. Dore
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re: ) | CASE NO. 25-12395-TWD |
| ) | |
| CRISTINA NICOLETA SUCIU, ) | **DEBTOR'S OBJECTION TO** |
| ) | **SUBPOENA DUCES TECUM** |
| Debtor. ) | |
| ) | |

## I. INTRODUCTION

Debtor **Cristina Nicoleta Suciu**, by and through undersigned counsel, hereby **objects** to certain portions of the Subpoena Duces Tecum issued by **Nadlan Group LLC**. This objection is made pursuant to **Federal Rule of Civil Procedure 45(d)(2)(B)**, made applicable by **Federal Rule of Bankruptcy Procedure 9016**.

Debtor intends to **comply in good faith** with the subpoena by the commanded production time of **September 30, 2025, at 10:00 p.m.**, while protecting sensitive information and reserving all rights under the Bankruptcy Code, Federal Rules, and HIPAA.

This objection is **not a motion for protective order**, though Debtor reserves the right to seek such relief if necessary.

## II. BACKGROUND

1. On **September 12, 2025**, creditor **Nadlan Group LLC**, through its counsel **Conner Morgan** of Schweet Linde & Rosenblum, PLLC, issued a subpoena under Fed. R. Bankr. P. 2004 commanding Debtor to:

    o Appear for a deposition on **September 30, 2025, at 10:00 a.m.**, and

**DEBTOR'S OBJECTION TO
SUBPOENA DUCES TECUM -- 1**

- Produce documents by **September 30, 2025, at 10:00 p.m.** at counsel's office in Seattle, Washington

2. The subpoena was served by **first-class mail** on September 12, 2025, and a courtesy copy was emailed to Debtor's counsel, **Richard L. Pope, Jr.**, on September 15, 2025, as confirmed in the correspondence attached as **Exhibit 1**

3. **Email Correspondence Confirming Times:**

   Between September 13 and September 15, 2025, Debtor's counsel engaged in a series of email communications with creditor's counsel, **Conner Morgan**, regarding the subpoena.
   - On **September 15, 2025**, at **2:00 p.m.**, Debtor's counsel specifically **requested clarification as to whether the dates and times listed in the subpoena were accurate**, given that the production deadline of **10:00 p.m.** was unusual and occurred **12 hours after the deposition**.
   - Later that same afternoon at **2:29 p.m.**, **Mr. Morgan confirmed in writing** that the dates and times on the subpoena were correct and intentional.
   - These emails are attached as **Exhibit 1**.

4. Pursuant to **FRCP 45(d)(2)(B)**, objections must be served within **14 days of service**.
   - Because the subpoena was served by mail, **FRBP 9006(f)** adds **three additional days**.
   - This makes the effective objection deadline **September 29, 2025**.

5. The subpoena seeks, among other things:
   - Contracts with adult family home residents,
   - Tax returns, W-2s, 1099s, and K-1 forms,
   - Bank account records and other financial data

6. While Debtor has concerns about the propriety of service and the unusual 10:00 p.m. deadline, **these are not bases for this objection**.
   - Debtor will comply with the timeline but expressly preserves these issues for the record.

**DEBTOR'S OBJECTION TO SUBPOENA DUCES TECUM -- 2**

## III. OBJECTIONS

### A. HIPAA Privacy – Adult Family Home Client Contracts

Debtor operates a licensed adult family home and maintains contracts with vulnerable adult residents. These contracts contain **Protected Health Information (PHI)** under the **Health Insurance Portability and Accountability Act (HIPAA)**.

- HIPAA prohibits disclosure of identifiable health information without a protective order or patient consent.
- Debtor will **produce redacted copies** of resident contracts, removing only:
    - The **patient's name**, and
    - The **patient's signature**.
- Dates of agreements and the Debtor's signature will **remain unredacted**.

This approach balances discovery needs with compliance with federal privacy law.

### B. Redaction of Sensitive Identifiers in Financial Records

The subpoena demands production of tax returns, W-2s, 1099s, K-1s, and bank account statements.

Under **11 U.S.C. §107(c)**, **FRBP 9037**, and privacy protections of the Bankruptcy Code:

1. **Social Security Numbers:**
    - Only the **last four digits** may be disclosed; the remainder must be redacted.
2. **Financial Account Numbers:**
    - Only the **last four digits** of any bank account or similar number may be disclosed.
3. **Employer Identification Numbers (EINs):**
    - Rule 9037 does **not explicitly require redaction of EINs**.
    - Debtor believes EINs may be disclosed in full unless the Court orders otherwise.

Debtor will apply these redaction rules consistently to all responsive documents.

### C. Tax Records for Employees or Contractors

Debtor may have issued **Form 1099s, W-2s, or similar tax documents** in the ordinary course of business.

**DEBTOR'S OBJECTION TO SUBPOENA DUCES TECUM -- 3**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

- These forms, if they exist, will be produced **with Social Security numbers redacted except for the last four digits**.
- Debtor does not presently represent whether W-2s or 1099s were issued (or what 1099 suffix if any was used), but will produce responsive documents subject to redaction.

### D. Preservation of Rights Regarding Service and Timing

- Debtor notes concerns about whether the subpoena was properly served under **FRCP 45(b)** and **FRBP 9016**, as discussed in the attached email correspondence.
- Debtor also notes the unusual compliance deadline of **10:00 p.m.**, which occurs 12 hours after the deposition.
- These concerns are preserved for the record but **are not asserted as grounds for non-compliance or objection at this time**.

## IV. LEGAL BASIS

- **FRCP 45(d)(2)(B):** A timely written objection halts inspection or copying of documents until the court resolves the dispute.
- **FRBP 9006(f):** Adds three days to deadlines when service is made by mail.
- **FRBP 9037(a):** Requires redaction of Social Security numbers and account numbers except for last four digits.
- **11 U.S.C. §107(c):** Protects individuals from disclosure of sensitive personal information.
- **HIPAA, 45 C.F.R. §§164.502, 164.514:** Limits disclosure of protected health information.

## V. RESERVATION OF RIGHTS

Debtor expressly reserves the right to:

- File a **motion for protective order** to obtain affirmative relief or court approval of redaction procedures, and
- Raise additional objections should new issues arise in connection with this subpoena.

## VI. ATTACHMENTS

- **Exhibit 1:** Email correspondence between counsel (Sept. 11–15, 2025).

DEBTOR'S OBJECTION TO
SUBPOENA DUCES TECUM -- 4

- **Exhibit 2:** Subpoena Duces Tecum (issued Sept. 12, 2025).

## VII. CONCLUSION

Debtor respectfully objects to the subpoena to the extent it seeks unredacted protected health information or sensitive personal identifiers. Debtor will comply with the subpoena by producing documents with appropriate redactions by the deadline, while reserving all rights for further relief.

Respectfully submitted this 29th day of September 2025.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the above document to be delivered through electronic court filing (ECF) to:

**United States Trustee**
USTPRegion18.SE.ECF@usdoj.gov

**Richard L Pope, Jr on behalf of Debtor Cristina Nicoleta Suciu**
rp98007@gmail.com

**Michael M Sperry on behalf of Interested Party Courtesy NEF**
michaels@schweetlaw.com, alis@schweetlaw.com; maureenf@schweetlaw.com; karenl@schweetlaw.com; travise@schweetlaw.com

**Matthew J.P. Johnson on behalf of US Trustee United States Trustee**
matthew.j.johnson@usdoj.gov, Young-Mi.Petteys@usdoj.gov;Yash.J.Chohan@usdoj.gov;Brian.b.braun@usdoj.gov

**Conner W Morgan on behalf of Interested Party Courtesy NEF**
connerm@schweetlaw.com, alis@schweetlaw.com;karenl@schweetlaw.com; maureenf@schweetlaw.com

DATED: September 29, 2025.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.

**DEBTOR'S OBJECTION TO SUBPOENA DUCES TECUM -- 5**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

# EXHIBIT 1



Richard Pope <rp98007@gmail.com>

## In re Cristina Suciu (Ch. 11 No. 25-12395-TWD) - SDT

**Conner Morgan** <connerm@schweetlaw.com>　　　　　　　　　　　　　　Mon, Sep 15, 2025 at 2:29 PM
To: Richard Pope <rp98007@gmail.com>
Cc: Tom Linde <tomlinde@schweetlaw.com>, "Michael M. Sperry" <michaels@schweetlaw.com>, Travis Escame <TravisE@schweetlaw.com>

Richard,

Good afternoon again and thank you for starting work on assembling the documents. The dates on the SDT are correct. Please let me know if you have a scheduling conflict as we can accommodate as needed. Also, the sooner I receive the document production, then the sooner I will know if taking Cristina's deposition under the 2004 Order will be necessary. If any of the document requests do not apply, then respond by stating both: (1) "not applicable" and (2) the reason why the document is not applicable (as you've done in your example in your email below).

Sincerely,

Conner

### Conner Morgan

### Attorney

SCHWEET LINDE & ROSENBLUM, PLLC

5601 6th Ave S., Ste. 258

P.O. Box 80646

Seattle, WA 98108
Direct dial: (206) 381-0119
Fax: (206) 381-0101

Main: (206) 275-1010
connerm@schweetlaw.com



**SCHWEET LINDE & ROSENBLUM, PLLC IS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**PLEASE NOTE THAT WE HAVE RECENTLY MOVED. MAIL SHOULD BE SENT TO PO BOX 80646, SEATTLE, WA 98108**

**AND OUR NEW PHYSICAL LOCATION IS 5601 6TH AVE. S., SUITE 258, SEATTLE, WA 98108.**

This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**From:** Richard Pope <rp98007@gmail.com>
**Sent:** Monday, September 15, 2025 2:00 PM
**To:** Conner Morgan <connerm@schweetlaw.com>
**Cc:** Tom Linde <tomlinde@schweetlaw.com>; Michael M. Sperry <michaels@schweetlaw.com>; Travis Escame <TravisE@schweetlaw.com>
**Subject:** Re: In re Cristina Suciu (Ch. 11 No. 25-12395-TWD) - SDT

Conner,

Thank you for your explanations and analysis, and for a copy of the subpoena. Please verify whether the times and dates on your SDT are correct.

We will work on assembling the requested documents.

While I appreciate your enthusiasm, you will find that some of your intended categories simply do not exist. For example, the adult family home business has been licensed as a sole proprietorship since it opened in February 2008. All tax returns, as far as I see, have been filed in the name of Cristina Suciu as a sole proprietorship. There do not appear to be any tax filings by "Lake Leota Senior Care LLC".

Sincerely,

Richard L. Pope, Jr.

Lake Hills Legal Services PC

15600 NE 8th Street, Suite B1-358

Bellevue, Washington  98008

425-829-5305


On Mon, Sep 15, 2025 at 1:21 PM Conner Morgan <connerm@schweetlaw.com> wrote:

> Richard,
>
> Good afternoon and thank you for your email. Attached please find a copy of the 2004 SDT, which was mailed to your office and to the Debtor via USPS first-class mail on Friday, September 12, 2025.
>
> Because FRCP 45 does not explicitly require a 2004 SDT to be personally served, service by USPS first-class mail is legally sufficient. *See*, FRCP 45(b)(1) (requiring "deliver[y]," not personal service); *see also*, FRPB 9014(b) (incorporating FRPB 7004 and allowing service by first-class mail in all contested bankruptcy matters).
>
> Regarding fees and compliance, please be advised that if the Debtor's attendance is compelled, then no fees will be paid. *See*, FRBP 2004(e). Per FRBP 2004(e), witness fees are only required for non-debtor witnesses. *Id.* Because the

2004 Order/SDT requires the attendance of Cristina Suciu, who is the Debtor, she is not entitled to a witness fee. *Id.* Because the Debtor resides within 100 miles of my office, she is not entitled to a mileage fee. *Id.* And please be advised that non-compliance with a 2004 Order/SDT is grounds for conversion/dismissal of this bankruptcy case. *See, e.g.*, 11 U.S.C. §§ 1112(b)(4)(E) and 1112(b)(4)(G).

I look forward to reviewing the Debtor's document production.

Sincerely,

Conner

# Conner Morgan

## Attorney

SCHWEET LINDE & ROSENBLUM, PLLC

5601 6th Ave S., Ste. 258

P.O. Box 80646

Seattle, WA 98108
Direct dial: (206) 381-0119
Fax: (206) 381-0101

Main: (206) 275-1010
connerm@schweetlaw.com



**SCHWEET LINDE & ROSENBLUM, PLLC IS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**PLEASE NOTE THAT WE HAVE RECENTLY MOVED. MAIL SHOULD BE SENT TO PO BOX 80646, SEATTLE, WA 98108**

**AND OUR NEW PHYSICAL LOCATION IS 5601 6TH AVE. S., SUITE 258, SEATTLE, WA 98108.**

This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**From:** Richard Pope <rp98007@gmail.com>
**Sent:** Saturday, September 13, 2025 8:40 PM
**To:** Conner Morgan <connerm@schweetlaw.com>
**Cc:** Tom Linde <tomlinde@schweetlaw.com>; Michael M. Sperry <michaels@schweetlaw.com>; Travis Escame

<TravisE@schweetlaw.com>; Richard Pope <rp98007@gmail.com>
**Subject:** Re: In re Cristina Suciu (Ch. 11 No. 25-12395-TWD) - SDT

**Subject:** Response to Proposed Service of Subpoena Duces Tecum

Dear Mr. Morgan,

Thank you for your email regarding the proposed service of the Subpoena Duces Tecum to my client, as authorized by the attached court order. As counsel for the debtor, I must note that FRCP 45(b)(1), as incorporated by FRBP 9016, requires personal service of a subpoena unless otherwise ordered by the court or agreed upon by the parties. Neither email nor first-class mail service is permissible without a court order or mutual consent.

Additionally, you have provided only the court order and not the proposed subpoena itself. To evaluate the subpoena's scope and determine whether to waive personal service or agree to an alternative method, I request that you provide a copy of the proposed subpoena for my review.

Furthermore, if the subpoena requires my client's attendance (e.g., at a deposition), FRCP 45(b)(1) mandates tender of the $40 witness fee and mileage at the time of service. Please confirm whether these fees will be provided if attendance is compelled.

If you believe an alternative service method is authorized by a court order or local rule, please provide clarification or seek such an order. Otherwise, please proceed with personal service.

Sincerely,


Richard L. Pope, Jr.

Lake Hills Legal Services PC

15600 NE 8th Street, Suite B1-358

Bellevue, Washington  98008

425-829-5305



On Thu, Sep 11, 2025 at 11:55 AM Conner Morgan <connerm@schweetlaw.com> wrote:

> Richard,
>
>
> Good morning. As you are aware, the court entered the attached order authorizing the issuance of a Subpoena Duces Tecum to your Client. Will you accept service of this Subpoena via email? Or shall I have the Subpoena mailed to your Client's mailing address via First-Class Mail? Please let me know. If I don't hear back from you by 12pm tomorrow, then I will presume you have rejected my request for email service, and I will have the Subpoena mailed to your Client.
>
>
> Sincerely,
>
> Conner
>
>
> **Conner Morgan**

**Attorney**

SCHWEET LINDE & ROSENBLUM, PLLC

5601 6th Ave S., Ste. 258

P.O. Box 80646

Seattle, WA 98108
Direct dial: (206) 381-0119
Fax: (206) 381-0101

Main: (206) 275-1010
connerm@schweetlaw.com



**SCHWEET LINDE & ROSENBLUM, PLLC IS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**PLEASE NOTE THAT WE HAVE RECENTLY MOVED. MAIL SHOULD BE SENT TO PO BOX 80646, SEATTLE, WA 98108**

**AND OUR NEW PHYSICAL LOCATION IS 5601 6TH AVE. S., SUITE 258, SEATTLE, WA 98108.**

This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

# EXHIBIT 2

```
 1  Schweet Linde & Rosenblum, PLLC           The Honorable Timothy W. Dore
    5601 6th Ave S., Ste. 258
 2  P.O. Box 80646
    Seattle, WA 98108
 3  P: (206) 275-1010
    F: (206) 381-0101
 4

 5

 6
                    IN THE UNITED STATES BANKRUPTCY COURT
 7                      WESTERN DISTRICT OF WASHINGTON

 8  In re:
                                          Chapter 11
 9  CRISTINA NICOLETA SUCIU,
                                          Case No.: 25-12395-TWD
10
                    Debtor-in-Possession. SUBPOENA DUCES TECUM
11

12

13  TO:     CRISTINA NICOLETA SUCIU
            C/O LAKE HILLS LEGAL SERVICES, P.C.
14          ATTN: RICHARD L. POPE, JR.
            15600 N.E. 8th Street, Suite B1-358
15          Bellevue, WA 98008

16
       **YOU ARE COMMANDED** to appear, pursuant to a court order issued under Fed. R.
17
    Bankr. P. 2004, at the place, date, and time specified below to testify at the taking of a deposition,
18
    which may be audio or stenographically recorded in the presence of a court reporter, in the above-
19
    captioned case.
20
```

| PLACE: | Offices of Schweet Linde & Rosenblum, PLLC, 5601 6th Avenue S., Suite 258 Seattle, WA 98108[1] |
|---|---|
| **DATE & TIME:** | **Tuesday, September 30, 2025, at 10:00 a.m. prevailing Pacific Time** |

---

[1] Deposition may take place using remote applications such as Zoom, Microsoft Teams, Skype, or other telephonic or remote video applications.

SUBPOENA DUCES TECUM – 1

| | |
|---|---|
| 1 | **YOU ARE FURTHER COMMANDED** to produce and permit inspection and copying |
| 2 | of the documents or objects listed on attached **Exhibit A** at the place, date and time specified |
| 3 | below: |

**PLACE:** Offices of Schweet Linde & Rosenblum, PLLC,
5601 6th Avenue S., Suite 258
Seattle, WA 98108[2]

**DATE & TIME:** Tuesday, September 30, at 10:00 p.m. prevailing Pacific Time

_[signature]_
ISSUING OFFICER SIGNATURE AND TITLE          DATE: September 12, 2025.

Conner Morgan, WSBA #55697

ISSUE OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Conner Morgan
5601 6th Ave S., Ste. 258
P.O. Box 80646
Seattle, WA 98108
(206) 381-0119
connerm@schweetlaw.com

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Subpoena Continues on the Next Page**

---

[2] Documents may also be produced electronically as agreed to by the issuing attorney at the email address below.

SUBPOENA DUCES TECUM – 2

# EXHIBIT A

## I. INSTRUCTIONS

To the extent you assert a privilege regarding production of documents or other information, you are required to provide a log of such documents that (1) identifies the document, (2) provides a clear statement of grounds for the asserted privilege, (3) identifies the date of the document, and (4) provide a description of the document sufficient for evaluation of the asserted privilege.

## II. DEFINITIONS

As used throughout this Declaration, the following definitions apply:

A. "And" shall also mean "or" and vice versa as necessary to give the particular interrogatory the broadest and most inclusive scope.

B. "Account" shall mean:
   a. any deposit account with a bank, such as checking, savings, money market, or certificate of deposit, or else a safe-deposit box – regardless of whether the account or safe-deposit box contains any cash, assets, or property.
   b. any account with a credit union regardless of whether the account contains any cash, assets, or property.
   c. any brokerage account held with an investment/securities brokerage firm, regardless of whether the account contains any cash, securities, or other assets.

C. "Any" shall also mean "all" and vice versa as necessary to give the particular interrogatory the broadest and most inclusive scope.

D. "Applicable Period" shall mean January 1, 2020, through September 1, 2025.

E. "Bankruptcy" shall mean the Chapter 11 bankruptcy filed by Debtor in the Western District of Washington Bankruptcy Court under Case No. 25-12395-TWD.

F. "Communication" shall mean any transmission of information by written or oral communication (e.g., letter, memorandum, meeting, face to face conversation or telephone conversation), regardless of the medium by which such communication occurred, and any process by which information is transmitted.

G. "Date" shall mean the day of the month, the month and the year. If only the approximate date is known or available, state the approximate date, indicating that it is the approximate date.

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S., STE. 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

H. "Debtor" shall mean the Debtor in the Bankruptcy: Cristina Nicoleta Suciu.

I. "Document" or "Documentation" shall mean any instrument on which is recorded letters, figures, marks or other conventional symbols so as to represent ideas on material substances, including but not limited to writings by hand, typed words, printed or lithographed words, photographs, pictures, slides, videotapes, microfilm, electronic or magnetic recordings, computer input or print-outs, computer tapes or disks, computer files, electronic mail, prints, maps and plats. It includes any document of which you have possession or of which you have the right to obtain the original or a copy from another person or entity having actual possession thereof. If any document was, but is no longer in your possession or subject to your control, identify the document and state its present location or the disposition made of it and the date thereof.

J. "Draft" or "Drafted" shall mean the process of handwriting or the utilization of a word processor or other mechanism to prepare a draft or final document.

K. "Financial Document" shall mean any document that conveys the business activities and the financial performance of a company, which include balance sheets (a/k/a balance statements, statements of financial position, income statements, profit-and-loss statements), cash flow statements, statements of shareholder equity (a/k/a statements of change in equity), general ledgers, accounts receivable aging reports, and "notes" or disclosures comprising a summary of significant accounting policies and other explanatory or contextual content to augment the aforementioned statements.

L. "Identify" when used in reference to a natural person requires you to state that person's full name, last known address, home and business telephone number and current business affiliation; when used in reference to an entity other than a natural person requires you to describe the nature of the entity (partnership, corporation, etc.) and state the last known address, including registered agent address, telephone number and principal place of business; and when used in reference to a document requires you to state the date, author, signors and type of document (letter, memorandum, etc.). Once a person, entity or document has been identified properly, it is sufficient to state the name only in subsequent responses.

   a. <u>Meeting or Conversation.</u> "Identify" used in reference to a meeting or conversation means to state: (1) the identity of the persons who were present and/or participated in the meeting or conversation; (2) the date on which the meeting or conversation occurred; (3) the place at which the meeting or conversation occurred; and (4) if any record, memorandum, or other writing of the meeting or conversation was made, then to identify that record, memorandum or other writing.

   b. <u>Person or Business Entity.</u> As used herein, "identify" or "identity" used in reference to an individual person or business entity means to state: (1) the person or entity's full name and present residence or business address; (2) their present or last known telephone number; (3) their present or last known position of employment and business affiliation; and (4) their position of employment and business affiliation at the time in question in the action.

SUBPOENA DUCES TECUM – 4

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S., STE. 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

M. Lake Leota shall mean Lake Leota Senior Care LLC.

N. "Person", "Persons", and/or "Person(s)" shall mean any natural person or individual or any legal or governmental entity (including, without limitation, any corporation, company, partnership, association, joint venture, trust, public agency, political subdivision, department, bureau, or board).

O. "Petition Date" shall mean August 28, 2025, which was the date when the Debtor filed this above-captioned bankruptcy case.

P. "Relating to" (or a form thereof) shall mean constituting, concerning, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluation, or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of your position(s) and claim(s) in this action.

Q. "Schedules" shall mean Debtor's Official Forms filed in the Bankruptcy at *Dkt. 1*, and any subsequent amendments thereto.

R. "SoFA" shall mean Debtor's Official Form 107 filed in this bankruptcy case at *Dkt. 2* and any subsequent amendments thereto.

S. "Summarize" used in reference to a document means to state the information contained in the document, including all recommendations and conclusions, in summary form.

T. "Tax Returns" shall mean any report to a governmental unit for the purpose of reporting or the determination of liability for the type of claim described in 11 U.S.C. §507(a)(8)

U. "Transfer" shall have the same meaning as the definition found at 11 U.S.C. §101 (54).

V. "Writing" shall mean handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

W. "Work" refers to any supervision, labor, or materials provided for, in, on, or during the Project, regardless of whether that work was performed by the specified party or by that party's owner, officer, director, member, manager, subsidiary, agent, representative, employee, supervisor, principal, shareholder, contractor, subcontractor, or any other person or entity acting on its behalf or under its direction or control.

X. "You" shall mean the Debtor, and any agent or professional acting on behalf of the Debtor.

SUBPOENA DUCES TECUM – 5

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S., STE. 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

## III. DOCUMENTS FOR PRODUCTION

1. All federal and state tax returns, original or amended, You and/or Lake Leota filed in the Applicable Period regardless of the applicable period covered by such returns.

2. All Account statements issued to You and/or Lake Leota between September 1, 2024, through September 1, 2025.

3. Lake Leota's operating agreement.

4. Lake Leota's corporate governance documents executed during the Applicable Period.

5. Any lease or other contract to which You and/or Lake Leota is a party to related to the operation of an adult family home.

6. Copies of all insurance policies under which You and/or Lake Leota are identified in any way as an insured.

7. Copies of all contracts of employment, construction, fabrication, manufacture or rendering of professional skilled services for compensation to which You and/or Lake Leota are parties to not listed in item Number 5 above.

8. Documentation evidencing Debtor's income from January 1, 2025, through the Petition Date.

9. Documents evidencing Debtor's ownership interest in any corporation, limited liability company, or limited partnership, and any governing documents for said entities, including copies of any corporate shares and/or operating agreements.

10. All business records and accounts for any corporation, limited liability company, or limited partnership the Debtor has an ownership interest in including, but not limited to: corporate Account statements and registers, leases, credit lines, accounts receivable customer lists, state and B&O returns, other quarterly tax returns, asset lists, financial statements, and any computerized financial information from September 1, 2024, through September 1, 2025.

11. Any W-2 forms, 1099 forms, or K-1 forms issued to Debtor and/or issued by Debtor during the Applicable Period.

12. Any W-2 forms, 1099 forms, or K-1 forms issued to Lake Leota and/or issued by Lake Leota during the Applicable Period.

***SCHWEET LINDE & ROSENBLUM, PLLC***
5601 6TH AVE S., STE. 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

## Fed. R. Civ. P. 45(d) and (e)

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

SUBPOENA DUCES TECUM – 7

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S., STE. 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

(e) Duties in Responding to a Subpoena.
(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

SUBPOENA DUCES TECUM – 8

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S., STE. 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101