| | |
|---|---|
| Schweet Linde & Rosenblum, PLLC<br>5601 6th Ave S., Ste. 258<br>P.O. Box 80646<br>Seattle, WA 98108<br>P: (206) 275-1010<br>F: (206) 381-0101 | Judge: Honorable Timothy W. Dore<br>Chapter 11<br>Location: Seattle<br>Hearing Date: November 21, 2025<br>Hearing Time: 9:30 A.M.<br>Response Due: November 14, 2025 |

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>CRISTINA NICOLETA SUCIU,<br><br>                               Debtor. | Case No.: 25-12395-TWD<br><br>**NADLAN GROUP LLC'S OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE FOR FAILURE TO FILE MONTHLY OPERATING REPORTS** |

## I.     INTRODUCTION & RELIEF REQUESTED

Creditor Nadlan Group LLC ("**Nadlan**"), by and through its attorneys Schweet Linde & Rosenblum, PLLC, files this Objection to United States Trustee's Motion to Convert or Dismiss Chapter 11 Case for Failure to File Monthly Operating Reports ("**Objection**").

Nadlan objects to the relief requested by United States Trustee's Motion to Convert or Dismiss Chapter 11 Case for Failure to File Monthly Operating Reports, *Dkt. 64* ("**Motion**") filed by Acting United States Trustee for Region 18, Jonas V. Anderson (the "**UST**"), and Nadlan respectfully moves this Court for the entry of an order denying the UST's Motion.

The debtor-in-possession in this case, Cristina Nicoleta Suciu's ("**Debtor**"), filed this Chapter 11 bankruptcy case on August 28, 2025 (the "**Petition Date**"). Because it has been more

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 1

*Schweet Linde & Rosenblum, PLLC*
5601 6TH Ave S., Suite 258
P.O. Box 80646
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

than 120 days since the Petition Date, and since Debtor failed to file a Chapter 11 reorganization plan, Debtor's "exclusivity period" has expired. *See*, 11 U.S.C. § 1121(b), (c). Accordingly, any party-in-interest, including Nadlan, may submit a Chapter 11 reorganization plan, solicit votes, and seek plan confirmation. Because Nadlan intends to commence this process in the coming days, it would be unequitable for this Court to dismiss this Chapter 11 case before Nadlan had the opportunity to submit a Chapter 11 reorganization plan of its own.

Dismissal would unjustly reward the Debtor for her unreasonable failure to prosecute this Chapter 11 case after she filed it on the eve of Nadlan's sheriff's sale. Conversion to Chapter 7 is likewise not helpful under the circumstances due to the further prejudicial delay that would be caused, and the lack of available assets. Rather, the best path forward for the unsecured creditors, the secured creditors, Nadlan, and the Debtor is to keep this Debtor in her Chapter 11 bankruptcy case. Doing so will allow Nadlan (and any other party-in-interest) to submit a Chapter 11 Plan of Reorganization for creditor consideration and court confirmation. Since this non-exclusive period began just a few days ago, it would be unjust to dismiss this Chapter 11 case before any party-in-interest had the chance to submit their own Chapter 11 reorganization plan. To prevent this injustice from happening, this Court must refrain from dismissing or converting this case and should enter an order denying the UST's Motion.

The legal basis for this Objection is 11 U.S.C. §1112(b). This Objection is supported by the documents and records already filed in this above-captioned Chapter 11 case.

## II. ARGUMENT

As the UST's Motion correctly states, this Court may not dismiss or convert this Chapter 11 case if this Court finds "unusual circumstances establishing that converting or dismissing the

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 2

SCHWEET LINDE & ROSENBLUM, PLLC
5601 6TH AVE S., SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

case is not in the best interest of creditors." *See*, 11 U.S.C. § 1112(b)(2). Several such "unusual circumstances" exist here. Neither dismissal nor conversion serves the best interest of creditors of this above-captioned bankruptcy estate. Consequently, the UST's Motion must be denied.

**A. <u>Dismissal is not warranted because it rewards Debtor for her prejudicial delay and prevents interested parties from filing Chapter 11 reorganization plans.</u>**

The following "unusual circumstances" exist in this case and establish that converting or dismissing this case is not in the best interest of this case's creditors. First, this case does not stand in isolation; it is the fourth filing in less than three years where one of the two Suciu spouses filed bankruptcy on the eve of Nadlan's execution sale of the Woodinville Property. Dismissing this case will inevitably lead to fifth case filing once Nadlan re-notices the execution sale of Woodinville Property. Alternatively, dismissal will likely lead to the completion of the Suciu Debtors' scheme since they will be unimpeded to quickly settle their divorce case and attempt to assert two separate homestead exemptions in their two community real properties. It is these two outcomes that Nadlan raised in its previous filings that will likely come to pass should this case get dismissed. *See, e.g.*, *Dkt. 27*; *Dkt. 40*; *Dkt. 43*; *Dkt. 58*; *Dkt. 59*.

Second, dismissal unjustly rewards the Debtor for failing to prosecute this Chapter 11 case and submit a reorganization plan. The Debtor's lack of activity speaks volumes because, other than obtaining a stay extension order and opposing Nadlan's filings, the Debtor has not taken action to reorganize, obtain court approval for the employment of her professionals, or submit monthly operating reports (as the UST's Motion correctly states). All evidence points to one conclusion: Debtor filed this Chapter 11 case for the sole purpose of stopping Nadlan's sheriff's sale.[1] But this

---

[1] In her 2004 Examination and Deposition, the Debtor admits to this reality. *See*, *Dkt. 41-2* at Pages 51-52.

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 3

*Schweet Linde & Rosenblum, PLLC*
5601 6TH Ave S., Suite 258
P.O. Box 80646
Seattle, WA 98108
p (206) 275-1010  f (206) 381-0101

Court cannot allow the Debtor to benefit from her inability to prosecute this case. Yet that is exactly what dismissal would do because dismissal would lead to a fifth bankruptcy filing, the completion of the Suciu's Debtors' scheme, or both. And all to the detriment of Nadlan (and all the other Suciu Creditors) who have diligently pursued their creditors' rights for the past three (3) years. These concerns have been a constant theme in Nadlan's written submissions in this case. *See, e.g.*, *Dkt. 27*; *Dkt. 40*; *Dkt. 43*; *Dkt. 58*; *Dkt. 59*.

Third, dismissal unfairly prejudices Nadlan (and all the other interested parties) who have not had the opportunity to submit a creditor's reorganization plan due to the Debtor's exclusivity period. Under the Bankruptcy Code, when a debtor files a Chapter 11 bankruptcy, the debtor is granted a 120-day exclusive period to file a plan of reorganization and then solicit votes for the plan from creditors. *See*, 11 U.S.C. § 1121(b); *see also*, *In re Ahern Rentals, Inc.*, 3:12-CV-0676-LRH-VPC, 2013 WL 273403, at *1, n.2 (D. Nev. Jan. 23, 2013) (citing 11 U.S.C. § 1121(b)). If the debtor files a plan during that initial 120–day period, then the exclusive period during which no other party may file a plan is extended to 180 days after the bankruptcy petition date in order to permit the debtor to solicit acceptances for its plan. *See*, 11 U.S.C. § 1121(c); *see also*, *Ahern Rentals*, 2013 WL 273403, at *1, n.2 (citing 11 U.S.C. § 1121(c)). Put together, these statutorily established time periods are commonly referred to as the debtor's "**Exclusivity Period**."

Here, the Debtor filed this case on the Petition Date of August 28, 2025. The 120-day exclusive period for the Debtor to file a Chapter 11 reorganization plan and then solicit votes for the plan from creditors came and went on December 26, 2025. As this case's docket shows, Debtor failed to file a Chapter 11 reorganization plan prior to her December 26, 2025, deadline. As a result, and per 11 U.S.C. § 1121(b) and § 1121(c), the Debtor's Exclusivity Period has lapsed. *See*,

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 4

SCHWEET LINDE & ROSENBLUM, PLLC
5601 6TH AVE S., SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

11 U.S.C. § 1121(b), (c). Therefore, any party-in-interest may now start the process of submitting a Chapter 11 reorganization plan, soliciting votes, and seeking plan confirmation. And this plan process is exactly what Nadlan intends to do.

Fourth, allowing Nadlan to pursue creditor approval and court confirmation of a Chapter 11 creditor's liquidation plan is a far superior option than dismissal. Upon confirmation, a creditor's liquidation plan would allow a plan agent to liquidate the Debtor's assets (including the Woodinville Property), provide the Debtor with her homestead exemption funds, and provide both the secured and the unsecured creditors with increased payments and value for their claims compared to what they would otherwise receive should this case be dismissed and/or converted.

Fifth, and finally, dismissal is the appropriate remedy because failing to file monthly operating reports is an offense upon which dismissal *may* be granted; it is not an offence upon which dismissal either *must* or *shall* be granted. *See*, *In re Easterday Ranches, Inc.*, 647 B.R. 236, 246 (Bankr. E.D. Wash. 2022) (citing 3 COLLIER ON BANKRUPTCY ¶ 328.05[4] (16th ed. rev. 2022).[2] Given the harm dismissal would cause to this estate's creditors, dismissal is not warranted here. Instead, Nadlan respectfully requests this Court enter an order that: (1) finds cause for dismissal, and (2) refrains from dismissing this case for a period of 30 days to allow any party-in-interest to file a Chapter 11 reorganization plan and a related disclosure statement. Doing so will allow the interested parties a chance to seek confirmation of a Chapter 11 reorganization plan before this case is dismissed. And if this Court is not satisfied with the progress of Chapter 11 plan

---

[2] *See also*, *Siegel v. Fitzgerald*, 596 U.S. 464, 470-472 & 480, 142 S. Ct. 1770, 1777 & 1782 n.2, 213 L.Ed.2d 39 (2022) (articulating how use of the word "may" in bankruptcy fee statute did not create a requirement, unlike the word "shall"); *see also*, *Lopez v. Davis*, 531 U.S. 230, 241, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) (contrasting statutory use of permissive term "may" with mandatory term "shall"); *see also*, *In re Shafer Bros. Constr. Inc.*, 525 B.R. 607, 613 (Bankr. N.D.W. Va. 2015) (highlighting how section 328(c)'s text supports "the bankruptcy court's appropriate application of its discretion when compensating professionals").

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 5

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S., SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

confirmation after 30 days, then this Court may dismiss this case at that time. Such a procesds serves the best interests of the creditors of this bankruptcy estate as opposed to dismissal which is not in the best interests of this bankruptcy estate. Thus, the UST's Motion should be denied.

**B. <u>Conversion is not warranted because it will cause further prejudicial delays.</u>**

Although the UST's Motion presents conversion as another alternative, conversion serves no purpose. As the UST points out, Section 1112(b) establishes a two-step analysis for addressing questions of conversion or dismissal. *See*, 11 U.S.C. § 1112(b). First, the court must determine whether cause exists for conversion or dismissal. *Id.* Second, if cause exists, which remains an open question in this case, then the court must "apply a 'balancing test' to choose between conversion or dismissal based upon the 'best interests of the creditors and the estate.'" *In re AVI, Inc.*, 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008), (citing *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006)); *see also In re Owens*, 552 F.3d 958, 960-61 (9th Cir. 2009) (court must consider interests of all creditors). Finally, and as correctly noted by the UST's Motion, this Court may not dismiss or convert this case if this Court finds "unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors." *See*, 11 U.S.C. § 1112(b)(2).

Here, this Court has multiple "unusual circumstances" that establish why neither conversion nor dismissal case serves the best interests of this estate's creditors. These five "unusual circumstances" are outlined in the above section regarding dismissal and Nadlan re-asserts them in this section as grounds for why conversion is not warranted under the circumstances.

Moreover, and as the UST correctly explains in its Motion, conversion carries with it the risk of finding a qualified Chapter 7 trustee who can manage the adult family home. Per the UST's Motion: "The chapter 7 trustees in this region are not licensed by the State of Washington to

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 6

*Schweet Linde & Rosenblum, PLLC*
5601 6TH Ave S., Suite 258
P.O. Box 80646
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

operate an adult family home." *See*, *Dkt. 64* at 3. This licensure issue would undoubtedly lead to further prejudicial delays. And given the size of the secured claims/liens in this case, it is unlikely that the unsecured creditors would benefit from conversion to Chapter 7. To avoid causing even more prejudicial delay, to best serve all the creditors of this bankruptcy estate, and for the same reasons argued above in the dismissal section of this Objection, this Court should not convert this Chapter 11 case and the UST's Motion must be denied.

### III. CONCLUSION

For the reasons outlined above, Nadlan respectfully requests this Court enter an order denying the UST's Motion.

DATED: December 30, 2025.

**SCHWEET LINDE & ROSENBLUM, PLLC**

*/s/ Conner Morgan /*
Michael M. Sperry, WSBA #43760
Conner Morgan, WSBA #55697
*Attorneys for Nadlan Group, LLC*

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 7

SCHWEET LINDE & ROSENBLUM, PLLC
5601 6TH AVE S., SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

## IV. CERTIFICATE OF SERVICE

Conner Morgan declares:

1. I am over the age of 18 years, of sound mind, and competent to testify in this above-captioned Chapter 11 case. I have personal knowledge of the following declared facts.

2. On **December 30, 2025**, I caused the foregoing Objection to be filed electronically through the CM/ECF system which caused the Registered Participants in this proceeding to be served by electronic means with each document as fully reflected on the Notice of Electronic Filing for each document, including the attorney for the Debtor, the United States Trustee, the attorney for the United States Trustee, and any party having requested notice of the electronic filings in this above-captioned Chapter 11 bankruptcy case.

**I declare under the penalty of perjury under the laws of the United States of America and the State of Washington that the following is true and correct to the best of my knowledge, information, and belief.**

Signed and dated this 30th day of November 2025 at Seattle, Washington.

*/s/ Conner Morgan /*
Conner Morgan, WSBA #55697
*Attorney for Nadlan Group LLC*

OBJECTION TO UST'S MOTION TO CONVERT/DISMISS
FOR LACK OF MONTHLY OPERATING REPORTS – 8

*Schweet Linde & Rosenblum, PLLC*
5601 6TH Ave S., Suite 258
P.O. Box 80646
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101