# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re: ) | **CASE NO. 25-12395-TWD** |
| ) | |
| CRISTINA NICOLETA SUCIU, ) | RESPONSE OF DEBTOR |
| ) | CRISTINA SUCIU TO UNITED |
| Debtor. ) | STATES TRUSTEE'S MOTION |
| ) | TO CONVERT OR DISMISS |

    Cristina Nicoleta Suciu (the "Debtor"), by and through her attorney, responds to the United States Trustee's Motion to Convert or Dismiss Chapter 11 Case for Failure to File Monthly Operating Reports (Dkt. 64) (the "Motion"). The Debtor opposes the Motion but agrees with the United States Trustee and Nadlan Group LLC ("Nadlan") that conversion to Chapter 7 is not in the best interests of creditors or the estate under 11 U.S.C. § 1112(b)(1). The Debtor requests a 30-day extension to file overdue Monthly Operating Reports ("MORs"), as the delay has not been particularly prejudicial given the apparent lack of equity in estate assets available for unsecured creditors and the disputed and complex nature of certain claims. If the Court denies an extension, the Debtor prefers dismissal over conversion, as it would allow creditors like Nadlan to pursue state remedies without unnecessary bankruptcy administration, while preserving her adjudicated right to homestead exemption in the Woodinville property.

    This Response incorporates the Debtor's prior filings and declarations, and attaches a draft Chapter 11 Plan of Reorganization (the "Draft Plan") as Exhibit 1, demonstrating good faith and feasibility.

RESPONSE OF DEBTOR CRISTINA
SUCIU TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS -- 1

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

## I. FACTUAL BACKGROUND

The Debtor filed this Chapter 11 case on August 28, 2025, after her prior Chapter 13 case (Case No. 25-10742-TWD, "Prior Case") was dismissed on June 18, 2025 for exceeding debt limits under 11 U.S.C. § 109(e). The debts in this case arise primarily from judgments due to contracts or torts committed by Daniel V. Suciu only, without any involvement by the Debtor.

For example, the Nadlan judgment lien, filed as Claim 7 in the Prior Case for $402,305.66 (Exhibit 2), stems from Daniel's failed business dealings (alleged torts of Daniel committed against Nadlan, who was co-partner with Daniel in a failed real estate development venture). Debtor is not personally named as a Defendant or Judgment Debtor in the Nadlan judgment. The claim amount would presumably be greater due to additional interest if and when Nadlan files a claim in the current case.

Similarly, Claim 5 in this case by Gaile Johnson asserts a judgment lien for $1,100,609.24, arising from an alleged auto accident tort by Daniel. Once again, Debtor is not personally named as a Defendant or Judgment Debtor in the Nadlan judgment.

There are also approximately $990,551.86 in general unsecured debts scheduled by Debtor in Schedule F, nearly all of which are debts (or torts) incurred by Daniel in connection with his multiple failed businesses, which were not contracted (or committed) by Debtor.

Washington law distinguishes personal liability from community property liability. In *Smith v. Dalton*, the court held that a spouse's act creating community and separate liability does not impose personal liability on the non-acting spouse absent participation. 58 Wn. App. 876, 881, 795 P.2d 706 (1990); *see also U.S. Lumber Co. v. McDonald*, 68 Wn.2d 741, 415 P.2d 77 (1966). Washington case law is very clear that only the contracting or tortfeasing spouse has a separate property (i.e. personal) obligation and that the non-participating spouse only has an obligation as to their community property (assuming of course that community liability is even created in the first place):

> *"Generally, [a] spouse's act creating both community liability and separate liability in the acting spouse ordinarily does not create separate liability in the nonacting spouse who has not participated in the transaction, that is, it ordinarily does not create three-way liability.*

RESPONSE OF DEBTOR CRISTINA SUCIU TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS -- 2

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

*Cross, Community Property Law in Washington* (Revised 1985), 61 Wash.L.Rev. 12, 122 (1986). *see also Yakima Plumbing Supply Co. v. Johnson*, 149 Wash. 257, 270 P. 829 (1928). *see also* RCW 26.16.190 (one spouse not personally liable for the actions of the other spouse).

The Debtor did not participate in Daniel's business debts or torts, nor was she named in Nadlan's lawsuit personally as a defendant, or named in the resulting judgment. These debts are Daniel's separate liabilities, perhaps enforceable against non-exempt community property (such as equity in Woodinville home exceeding the $968,000 exemption) but not her personal estate.

Except for secured mortgages and the Internal Revenue Service tax debt (which is unsecured, with part priority and part non-priority), the Debtor has no personal liability for the debts here. Moreover, Debtor's accrual of marital community with Daniel ended on October 17, 2023, when she filed for dissolution in King County Superior Court. Considerable assets of Debtor are therefore separate property, and not liable for satisfaction of community debts for which Debtor lacks personal liability. This issue is subject to litigation, possibly a matter for which Washington Supreme Court certification could be appropriate at some point, and shows the high costs and complexity of bankruptcy administration filed after separation before divorce.

The Court extended the automatic stay for all creditors except as to Nadlan on September 26, 2025 (dkt 36), and ruled on December 5, 2025 (dkt 63), that the $968,300 homestead exemption is valid for the Woodinville Property—this is a binding, non-appealed decision, very well-reasoned applying Washington law, collateral estoppel and res judicata for any future cases.

The Woodinville Property has a Redfin estimate of $1,751,746 (Exhibit 3). After the Select Portfolio Servicing mortgage of $624,972.58 (Claim 6), the $968,300 homestead exemption, and nine to ten percent costs of sale (approximately $158,000 to $175,000), there is no equity for judgment lienholders and especially not for unsecured creditors. Even if sold at the Redfin value, the net proceeds after exemption would be approximately zero. The priority, validity, and extent of the judgment liens (Nadlan and Johnson) are disputed by the Debtor, but even if valid, they would fully consume any theoretical surplus above the homestead exemption—leaving absolutely nothing for unsecured creditors (or administrative expenses).

RESPONSE OF DEBTOR CRISTINA SUCIU TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS -- 3

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

The Federal Way Property has a Redfin estimate of $1,095,455 (Exhibit 4). After the PennyMac mortgage of $684,486.39 (Claim 8), the Huon Kong mortgage of $371,166.67 (Claim 9, disputed as to validity and amount by the Debtor), the Department of Housing and Urban Development mortgage of $36,108.65 (Claim 1), and the 2018 King County code enforcement lien of $36,900 plus interest (Exhibit 5, potentially over $60,000 at twelve percent statutory rate), total liens (before judgment liens) exceed the value by approximately $97,000 or more before costs of sale. There is no equity even before considering the disputed judgment liens, and certainly nothing whatsoever for unsecured creditors. The issue of whether Daniel could claim a homestead exemption in the Federal Way Property is moot due to lack of any possible equity for judgment lienholders, and of no consequence to estate, as nothing at all for unsecured creditors.

The claims register to date reflects limited filings, with no claims filed yet from Nadlan or from any unsecured creditors (except IRS) in this case. The MOR delay for September through November 2025 is acknowledged, but given the lack of available real estate equity for unsecured creditors, and lack of claims filing, it has not been particularly prejudicial to creditors.

## II. ARGUMENT

### A. Conversion to Chapter 7 Is Inappropriate

The Debtor concurs with the United States Trustee and Nadlan that conversion serves no purpose under 11 U.S.C. § 1112(b)(1), which requires a "best interests" analysis. In a Chapter 7 case, a trustee would likely abandon both the Woodinville Property and the Federal Way Property under 11 U.S.C. § 554(a), as there is no equity available for unsecured creditors after the homestead exemption on Woodinville and the liens on Federal Way. Conversion would only add administrative costs without benefiting the estate, while potentially disrupting the Debtor's adult family home operations at Woodinville, which generate income but have no independent value apart from her personal labor. Courts deny conversion where, as here, dismissal or continuation better serves the parties, especially when there are no assets to administer (*In re Bal Harbour Club, Inc.*, 316 F.3d 1192 (11th Cir. 2003) (considering alternatives to conversion when cause exists)).

RESPONSE OF DEBTOR CRISTINA
SUCIU TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS -- 4

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

**B. Extension for MORs Warranted; If Denied, Prefer Dismissal**

The delay in filing MORs is not particularly prejudicial under the circumstances, as there is no equity in the estate properties that would benefit unsecured creditors or require close monitoring. The Debtor requests a 30-day extension to file the overdue MORs for September through November 2025, which would allow compliance without disrupting the case. Good cause exists for this brief enlargement under Federal Rule of Bankruptcy Procedure 9006(b)(1). If the Court denies the extension, the Debtor prefers dismissal over conversion. Dismissal would preserve the Debtor's homestead exemption and allow creditors like Nadlan to pursue state remedies, such as a sheriff's sale under Chapter 6.17 RCW, without the burden of bankruptcy administration. In a sheriff's sale of Woodinville, for example, there would have to be a cash bid of at least $968,300 (after the first mortgage, which a sale would be subject to) to satisfy the homestead before anything goes to judgment creditors— a process that is cheaper and easier outside bankruptcy. Given the disputed validity of the judgment liens and the lack of any surplus for unsecured creditors, there is little reason to spend the Court's time on further administration.

**C. Draft Plan Shows Good Faith and Feasibility**

The attached Draft Plan (Exhibit 1) demonstrates the Debtor's good faith intent to reorganize, including payment of administrative and priority claims from adult family home income, cessation of Federal Way mortgage payments to redirect funds (approximately $3,500 monthly), and an orderly sale of Federal Way under 11 U.S.C. § 363 if Daniel does not claim a homestead exemption there (if any equity even exists). Any proceeds from Federal Way (estimated at zero after consensual liens) would go to the disputed judgment liens per priority determined in an adversary proceeding. For Woodinville, the plan proposes a sheriff's sale with the homestead bid floor or redemption if lower equity. This approach maximizes potential recovery for creditors while aligning with 11 U.S.C. § 1129(a)(3) requirements for good faith.

The homestead exemption is valid based on the Court's December 5, 2025 ruling, with residency at Woodinville since August 24, 2024, and separate living from Daniel post-dissolution filing, entitling an independent claim under RCW 6.13.020 and RCW 26.16.140.

RESPONSE OF DEBTOR CRISTINA SUCIU TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS -- 5

## III. CONCLUSION

The Debtor requests denial of conversion and a 30-day extension for MORs. If the extension is denied, the Court should dismiss the case rather than convert it.

Respectfully submitted on January 2, 2026.

/s/ *Richard L. Pope, Jr.*
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Debtor

### CERTIFICATE OF SERVICE

**Richard L Pope, Jr on behalf of Debtor Cristina Suciu**
rp98007@gmail.com

**United States Trustee**
USTPRegion18.SE.ECF@usdoj.gov

**Conner W Morgan on behalf of Creditor Nadlan Group LLC**
connerm@schweetlaw.com, alis@schweetlaw.com; karenl@schweetlaw.com; maureenf@schweetlaw.com

**Amy Freeman on behalf of Health Care Ombudsman Patricia Hunter**
amy@amyfreemanlaw.com

**Matthew J.P. Johnson on behalf of US Trustee United States Trustee**
matthew.j.johnson@usdoj.gov, Young-Mi.Petteys@usdoj.gov; Yash.J.Chohan@usdoj.gov; Brian.b.braun@usdoj.gov

**Kristian Beckett on behalf of Creditor Gaile Johnson**
kristian@beckettlegal.com

**Kathryn P Scordato on behalf of Interested Party Courtesy NEF**
KATHRYN@SCORDATOLAW.COM, ScordatoLawPLLC@jubileebk.net

**Michael M Sperry on behalf of Interested Party Courtesy NEF**
michaels@schweetlaw.com, alis@schweetlaw.com; maureenf@schweetlaw.com; karenl@schweetlaw.com; travise@schweetlaw.com

DATED: January 2, 2026.

/s/ *Richard L. Pope, Jr.*
RICHARD L. POPE, JR.

RESPONSE OF DEBTOR CRISTINA SUCIU TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS -- 6

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**